*In re* LAPHAM'S ESTATE.

APPEAL OF EVERITT.

1. WILLS—UNDUE INFLUENCE—BURDEN OF PROOF—FIDUCIARY RELATIONS.

Where a will is contested on the ground of undue influence, the burden of proof rests upon the contestants and where no fiduciary relations exist between proponent and testator, she owes no duty of explanation.

2. SAME—SELF-CONTRADICTORY EVIDENCE—UNDUE INFLUENCE.

Where proponent, when called to the stand for cross-examination under the statute, gave no testimony tending to establish undue influence, the fact that her testimony was self-contradictory and in conflict with other testimony did not establish undue influence.

3. SAME—EVIDENCE.

That testator furnished proponent with money with which to buy bank stock and an automobile, *held,* to be as consistent with her claim that she was testator's favorite niece and he wanted her to have his property as it is with contestants' claim that proponent exercised undue influence over him.

4. SAME—STATEMENTS OF TESTATOR.

Testimony as to what testator said about his will or about revoking it, while admissible to show the state of his mind, was not evidence of the facts stated by him.

5. SAME—UNDUE INFLUENCE—DIRECTED VERDICT.

Where a will, executed in due form under the statute and not revoked, was contested on the ground of undue influence, evidence showing that there was opportunity for its exercise, that the will did not follow the statute of descent and did not divide the property equally, and that there were suspicious circumstances, *held,* insufficient to make a case for the jury.

6. APPEAL AND ERROR—QUESTION NOT RAISED IN COURT BELOW.

A question of practice under the Empson act (Act No.

---

[1]Wills, 40 Cyc. pp. 1150, 1152; 28 R. C. L. 144; [2]Id., 40 Cyc. p. 1165; [3]Id., 40 Cyc. pp. 1164, 1165; [4]Id., 40 Cyc. pp. 1157, 1158; [5]Id., 40 Cyc. pp. 1161, 1164, 1165, 1332; [6]Appeal and Error, 3 C. J. § 580.

217, Pub. Acts 1915), not raised in the court below, is not considered by the Supreme Court.

Error to Wayne; Miller (Guy A.), J.    Submitted June 7, 1927.    (Docket 'No. 25.)    Decided July 29, 1927.

Grace B. Lapham presented for probate the last will of Lorenzo N. Lapham, deceased.    The will was allowed in the probate court, and Orion H. Everitt and others appealed to the circuit court.    Judgment for proponent *non obstante veredicto*.    Contestants bring error.    Affirmed.

*Fred Dye* and *John P. Scallen,* for appellants.

*Race, Haass & Allen* (*James O. Murfin,* of counsel), for appellee.

FELLOWS, J.    The testator, Lorenzo N. Lapham, was a farmer living in Livonia township, Wayne county.    He died at the age of 82.    He had never married and his brothers and sisters had died before the will here in controversy, made some three and a half years before his death, was executed.    His sister Emerilla, who likewise had never married, kept house for him until her death in 1917.    His next of kin were the proponent, a niece, and contestants, two nephews and two nieces.    There is testimony that his nephews and nieces were considerate of him, and disputed testimony that he was fond of all of contestants.    What their financial conditions were does not fully appear.    It does appear that proponent was saving, had accumulated some property, had a home in Detroit, a good position and that he regarded her as a bright business woman.    In the spring of 1919 he went to live with her in her Detroit home and remained there until the fore part of 1921.    While living there he went out to the farm almost daily, and later went back to it to

live, having a man and his wife there to look after his needs, although he kept a key to proponent's home, a room was there kept for him, and he frequently went there. While living there the will in question was executed. It was prepared by an attorney of high standing, from instructions given to him by testator when they were alone in the private office of the attorney; the testator having been brought there by proponent, who, however, remained in the outer office and took no part in the transaction. No claim is made, and none can be made on this record, of mental incompetency. Mr. Lapham remained mentally acute to the day of his death. No disease sapped his mentality. He grew older as all of us do. The contest at the circuit was based solely on the claim of undue influence of proponent, to whom the property, consisting of the farm of 95 acres, was given subject to some minor bequests. Reserving the motion for a directed verdict under the Empson act (Act No. 217, Pub. Acts 1915 [3 Comp. Laws 1915, § 14568 *et seq.*]), the case was submitted to the jury on this question alone, and, as is not uncommon, the jury disallowed the will. Judgment was, however, entered sustaining it *non obstante veredicto.*

The case was ably tried in the court below, and but one question is presented to us for decision, *i. e.,* whether a case was made for the jury on the question of undue influence. Under 15 heads counsel for contestants have marshaled the testimony and inferences to be drawn from it to sustain their claim that the question was one of fact, and that there is sufficient evidence to justify the submission of this question to the jury. Within proper compass we cannot discuss the case under each head. Some of the claims are interwoven, and while we have considered all of them, detailed statement of them and discussion under separate heads will not be necessary, nor would it be helpful. While the claims have been forcefully urged

and attractively stated, in the final analysis they have, we think, been answered by former decisions of this court, particularly those of recent date.

The contestants called the proponent for cross-examination under the statute. She did not make a good witness. She gave no testimony tending to show undue influence, but her testimony was self-contradictory and in conflict with other testimony in the case. While she testified that she did not say to the contestants at the time of the funeral that deceased left no will and claimed that she had been advised by her employer not to discuss matters with them until she had consulted an attorney, there was testimony that she then stated there was no will. Contestants' counsel insist that this testimony not only affected her credibility, but was in itself evidence of undue influence, and *In re McMaster's Estate*, 163 Mich. 210, is relied upon. But in that case the principal beneficiary under the will bore fiduciary relations to the testatrix and the presumption was against him. He owed a duty of explanation. In the instant case the proponent bore no fiduciary relation to the testator. She owed no duty of explanation, and the burden of proof rested not upon her but upon the contestants. The fact that she did not successfully withstand a skillful cross-examination did not establish or tend to establish that she perpetrated a fraud on her uncle in procuring a will. Had there been evidence of undue influence in the case, these things could be considered by the jury, but in the absence of such testimony they do not make a case of undue influence.

The testimony shows that during the later years of his life testator furnished proponent with money, some to buy bank stock with and some to purchase an automobile with. This fact is as consistent with the claim of proponent that she was testator's favorite niece and that he wanted her to have his property as it is with the claim of contestants that proponent dominated the

will of her uncle and compelled him to do her bidding. There is nothing unnatural about the will itself. Testator had no wife or children; his brothers and sisters predeceased him. He had only nephews and nieces, none of them in any way dependent on him. The property was his, and it was for him and for him alone to give or to withhold. The will was prepared under his instructions when he was alone with the scrivener. It was executed in accordance with the provisions of the statute (3 Comp. Laws 1915, § 11821). It was never revoked in accordance with the provisions of the statute (§ 11825). Testimony by interested or disinterested witnesses as to what he said about the will or about revoking it was admissible to show the state of his mind, but was not evidence of the facts stated by him, if he made such statements.

This record presents no stronger case for contestants than have dozens of records in cases where we have held that a verdict sustaining the will should have been directed. There was opportunity, as in nearly all the cases; the will did not follow the statute of descent and did not divide the property equally, as is always the case where a will is contested; there were suspicious circumstances to those of a suspicious turn of mind, as in other cases. In the recent case of *In re Luders' Estate*, 238 Mich. 87, where, as here, the sole ground of contest was undue influence, we reviewed and cited some of the authorities dealing with this question. Upon the authority of that case, the cases there cited, and numerous others, we hold that contestants in the instant case did not make a case for the jury.

We do not discuss the question of practice under the Empson act here raised. It was not raised in the court below. The construction of the act contended for is, to say the least, of doubtful propriety.

The judgment will be affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.