I concur in the result but do not agree that the question before us is whether the testimony as to exhibit 6 (the writing left with the nurse) and the circumstances of its execution is admissible. The issue is as to the effect of this evidence, not its admissibility. Testimony of that nature is admissible for any one of four purposes: (1) To show whether it is in itself a testamentary disposition (In re Cosgrove's Estate, 290 Mich. 258
[125 A.L.R. 410]); (2) whether it is a codicil (In reHenry's Estate, 263 Mich. 410); (3) a revocation of a former will (Act No. 288, chap. 2, § 9, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 16289-2 (9), Stat. Ann. (1943 Rev.) § 27.3178 (79)]); or (4) to show the testator's state of mind at the time he executed the alleged will.
"Testimony by interested or disinterested witnesses as to what he said about the will or about revoking it was admissible to show the state of his mind, but was not evidence of the facts stated by him, if he made such statements." In re Lapham'sEstate, 240 Mich. 7.
In the Kennedy Case (159 Mich. 548 [28 L.R.A. (N.S.) 417, 134 Am. St. Rep. 743, 18 Ann. Cas. 892]), relied upon by my Brother BUSHNELL, parol testimony was admitted in evidence in an attempt to show that the paper executed by Kennedy was not intended by him to operate as a will (lack of animus testandi). While some inexact language in the opinion might indicate that the decision hinged upon the admissibility of testimony, the real issue was the effect of the testimony, not its admissibility. This court affirmed the action of the lower court in directing a verdict for the proponent of the will, where the following language was used in so doing:
"To admit such testimony to defeat a will in a case like this would to some extent tend to defeat the *Page 529 
right which every sane and competent person has under our laws to make a final disposition of his property by will and to have his or her wishes in regard to property carried out after death. The momentous consequence of permitting parol evidence to thus outweigh the sanction of a solemn act is obvious. It would have a tendency to place all wills at the mercy of a parol story that the testator did not mean what he said and what he put in solemn written form."
The Kennedy Case, supra, gave express approval to Barnewall
v. Murrell, 108 Ala. 366 (18 So. 831), holding that a testamentary writing executed with proper formalitiesconclusively attaches to it the animus testandi. In that respect the Kennedy Case has been modified by a more recent unanimous opinion of this court in the Cosgrove Case, supra
(290 Mich. 258), in which the court cites the Alabama case and quotes with approval as follows:
"In Merrill v. Boal, 47 R.I. 274, 283 (132 A. 721,45 A.L.R. 830), it was said:
"`When a person of testamentary capacity, acting of his own free will, intentionally executes, with the formalities required by statute, a writing which in form and substance is testamentary, animus testandi is usually presumed. (SeeTurner v. Scott, 51 Pa. 126; Barnewall v. Murrell,108 Ala. 366 [18 So. 831]), but oral evidence as to the circumstances surrounding the execution of the instrument is admissible for the purpose of showing either an absence or presence of testamentary intent.'"
Exhibit 6, in express language, is an admission by Smith that he had made a will earlier the same day; it states that the Nassau will was his last will, not that it is his last will; and his statement that he wanted the Nassau will carried out, that it was "still my wish," is not a testamentary disposition, a codicil, or a revocation of the Nebraska will. Whether *Page 530 
it sufficiently evidences a change of mind of the testator is beside the point for that would bear only on the question of revocation. It does not overcome the full, adequate and convincing testimony that the Nebraska will was executed deliberately, after mature consideration, with the plain intent, at that time at least, that it should be a testamentary disposition of Smith's property at the time of his death. The trial court was not in error in admitting in evidence exhibit 6 and the circumstances surrounding its execution, on the theory, as stated by the trial court, as follows:
"Over objection of the proponents' counsel, the court permitted a full disclosure of all the facts and circumstances surrounding the execution of the will because like the presence or absence of fraud, duress and undue influence, this court feels that the presence or absence of testamentary intent on the part of the testator when he executed the will is a question of fact."
For the above reasons I concur in the result sustaining the will.
NORTH, C.J., and BUTZEL and REID, JJ., concurred with BOYLES, J. *Page 531